UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DALE MARVIN BARKER, SR., ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | No. 4:05CV2407 HEA |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on movant's Motion under 28 U.S.C. § 2255by a Person in Federal Custody, [# 1], filed on December 29, 2005. The government has responded to the motion. As grounds for his § 2255 motion, movant alleges:

**Ground One: "Unconstitutional Search and Seizure."**

Movant alleges that he was subjected to a search of his property on May 4, 2004 and on May 13, 2004. He contends that the May 13, 2004 search was performed without a search warrant and that the Sheriff's Department found the same amount of methamphetamine that the State Patrol Officer Unit found previously.

**Ground Two: "Failure for Full Disclosure of Prosecution."**

In this ground, movant claims the prosecution withheld favorable evidence

that may have reduced the amount of time presumable by the use of U.S.S.G. used. Movant also claims that the PSI information was withheld by the prosecution until sentencing.

**Ground Three: "Double Jeopardy."**

Movant claims he was never protected against double jeopardy when charged twice for the same amount of methamphetamine found previously in an illegal search and seizure.

**Ground Four: "Ineffective Assistance of Counsel"**

Movant alleges that his attorney failed to argue properly on what movant agreed to. Movant contends that his attorney misled him in that he, movant, did not know or understand the full plea.

Movant also claims that his attorney failed to appeal and that the reason movant did not raise this issue before is because he was under the impression that his lawyer would handle the appeal.

## Facts and Background

Movant was indicted on a Superseding Indictment on January 27, 2005, charging him with possessing: a firearm by a previously convicted felon in violation of 18 U.S.C. § 922(g)(1)(Count I); more than five (5) grams of methamphetamine with the intent to distribute on May 4, 2004, in violation of 21 U.S.C. §

841(a)(Count II); a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c)(Count III); and more than fifty (50) grams of methamphetamine with the intent to distribute on May 16, 2004, in violation of 21 U.S.C. § 841(a)(Count IV).

On April 8, 2005, movant appeared with his attorney and entered a plea of guilty to the drug charges, Counts II and IV of the Indictment. The government dismissed Counts I and III of the Indictment in exchange for movant's plea and agreed that no further prosecution would be brought against movant relative to his possession of methamphetamine with the intent to distribute on May 4, 2004 and May 16, 2004. Movant had entered a Plea Agreement and Stipulation of Facts with the government at the time of his plea. This Agreement was filed with the Court. On April 8, 2005.

Under the Plea Agreement, movant agreed to plead guilty to the drug charges. The parties recommended that the base offense level under U.S.S.G. Section 2D1.1(c)(6) was 28 for Count II and 32 for Count IV. The parties recommended that the quantity of methamphetamine (actual) for which the defendant was accountable, including relevant conduct pursuant to Section 3D1.3(b), was more that 150 grams and less than 500 grams, resulting in the recommended Base Offense Level of 34. The parties recommended that movant should receive a two level

decrease for acceptance of responsibility. The parties estimated that the Total Offense Level would be 33.

At the Plea Hearing, movant acknowledged that, while he could not read or write, his attorney read, and explained, the Plea Agreement to him.

Under the terms of the Plea Agreement and at the hearing on movant's change of plea, Barker agreed that by entering a plea of guilty, he expressly waived his right to trial. He agreed that he understood the right to trial and the consequences of his waiver of those rights.

At the plea hearing, Barker stated under oath that he was fully satisfied with the representation received from his attorney, that his attorney had gone over the Plea Agreement, Guidelines Recommendations and Stipulations with him and that there was nothing in the plea agreement that he disagreed with.

Barker waived his right to file an appeal. He waived all rights to appeal all sentencing issues, including any issues relating to the determination of the Total Offense Level, Criminal History Category, Career Offender status and Armed Career Criminal Status. He did, however admit to being guilty of the crimes charged. Defendant waived all rights to contest the conviction or sentence in any post-conviction proceeding, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

The Plea Agreement, as did the colloquy with the Court, set forth the amount of methamphetamine, 156.23 grams, (26.28 grams of methamphetamine (actual) from the May 4, 2004 search and 129.95 grams of methamphetamine (actual) from the May 16, 2004 search), with which movant would be held responsible. The parties also relied on this amount in calculating the Offense Conduct. Movant stated that he understood the statutory maximum penalties in this case and that he had discussed the Sentencing Guidelines with his attorney. Movant was sentenced on September 27, 2005. At the sentencing hearing, the Court inquired as to whether movant and his attorney had had an opportunity to review the Presentence Investigation Report and whether they had any objections to it. No objections were raised.

After giving movant an opportunity to speak on his own behalf (which he declined), the Court sentenced Barker to 135 months.

The Court then advised Barker of his appeal rights, and noted that under the plea agreement, movant had given up most, if not all, aspects of his appeal rights. Barker stated that he understood these rights completely and that he had no questions regarding his appeal rights. No appeal was filed by Barker or on his behalf.

## **Standards for Relief Under 28 U.S.C. 2255**

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on the ground that "the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, "can be raised on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Reed v. Farley*, 512 U.S. 339, 354 (1994)(quoting *Hill v. United States*, 368 U.S. 424, 477 n. 10 (1962)).

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "unless the motion, files and records of the case conclusively show that the prisoner is entitled to no relief." *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994)(citing 28 U.S.C. § 2255). Thus, a "[movant] is entitled to an evidentiary hearing 'when the facts alleged, if true, would entitle [movant] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996)(quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043.

To prevail on an ineffective assistance of counsel claim, a convicted defendant must first show counsel's performance "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The defendant must also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*, at 694.

The standard has been defined in this Circuit as follows:

> An ineffective assistance claim generally requires two showings. "First the defendant must show that counsel's performance was deficient." *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052. This entails "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Second, the defendant must show prejudice. *Id.* To show prejudice, he or she must prove that "counsel's errors were so serious as to deprive [him or her] of a fair trial, a trial whose result is reliable." *Id.*; *accord Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, L.Ed.2d 180 (1993)(admonishing that the prejudice prong encompasses more than mere outcome determination; rather, the focus of the question of prejudice is "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair.").

*Covey v. United States*, 377 F.3d 903, 906 (8th Cir. 2004).

The first prong of the *Strickland* test, that of attorney competence, is applied in the same manner to guilty pleas as it is to trial convictions. The prejudice prong, however, is different in the context of guilty pleas. Instead of merely showing that

the result would be different, the defendant who has pled guilty must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Matthews v. United States*, 114 F.3d 114.

### Discussion

Initially, movant's claims, with the exception of the claim of ineffective assistance of counsel, are barred by the Plea Agreement. As part of the Plea Agreement, movant agreed to waive his appeal rights and his rights to raise issues on collateral attack, *i.e.* through a motion pursuant to 28 U.S.C. § 2255.

When a defendant waives his appeal and post conviction relief rights in a plea agreement, the waiver will be enforced if it was knowingly and voluntarily made. *DeRoo v. United States,* 223 F.3d 919, 923 (8th Cir.2000) (citing *United States v. Goings,* 200 F.3d 539, 543 (8th Cir.2000)). However, where a movant is arguing in his § 2255 motion that the plea and the waiver were not knowing and voluntary due to ineffective assistance of counsel, then the waiver does not bar the § 2255 claims. *Id.* at 924.

Plea bargaining does not violate the Constitution, even though a guilty plea waives important constitutional rights. *Newton v. Rumery,* 480 U.S. 386, 393, (1987). It is well-settled that a defendant may affirmatively waive particular

constitutional rights. *See Boykin v. Alabama,* 395 U.S. 238, 243 (1969) (right to a jury trial, to confront and cross-examine witnesses, and to the Fifth Amendment privilege against self-incrimination); *Faretta v. California,* 422 U.S. 806 (1975) (right to counsel). There is no constitutional right to appeal; the right to appeal is purely a creature of statute. *Abney v. United States,* 431 U.S. 651, 656, (1977). If defendants can waive fundamental constitutional rights, they are not precluded from waiving procedural rights granted by statute. *United States v. Rutan,* 956 F.2d 827, 829 (8th Cir.1992) (citing *United States v. Wiggins,* 905 F.2d 51 (4th Cir.1990)). Therefore, a defendant may waive certain procedural appellate rights. *Id.* Accordingly, a defendant who pleads guilty and expressly waives the statutory right to raise objections to a sentence may not then seek to appeal the very sentence which itself was part of the agreement. *Id.*

Negotiated waivers of appellate rights and rights to pursue post-conviction relief have been upheld by the Eighth Circuit. *See United States v. Morrison,* 171 F.3d 567, 568 (8th Cir.1999); *United States v. Michelsen,* 141 F.3d 867, 873 (8th Cir.1998); *United States v. His Law,* 85 F.3d 379, 379 (8th Cir.1996); *Rutan,* 956 F.2d at 829. In *DeRoo,* the Eighth Circuit noted that, "[a]s a general rule, we see no reason to distinguish the enforceability of a waiver of direct-appeal rights from a waiver of collateral-attack rights in the plea agreement." 223 F.3d at 923. The chief

virtues of a plea agreement are speed, economy and finality. *Id.* at 923. These virtues "are promoted by waivers of collateral appeal rights as much as by waivers of direct appeal rights." *Id.* Waivers preserve the finality of judgments and sentences, and are of value to the accused to gain concessions from the government." *Id.* The Eighth Circuit has determined that a waiver of a right to appeal is enforceable if the waiver is knowingly and voluntarily made, and the sentence imposed is in accordance with the negotiated agreement. *Rutan,* 956 F.2d at 829. The hearing on the change of plea establishes that movant clearly understood that he was giving up his right to appeal his sentence and post conviction remedies.

With respect to movant's claim of ineffective assistance of counsel, this ground is clearly refuted by the record before the Court. Movant admitted that he was guilty of the charges and that he understood those charges. He admits that his lawyer explained everything to him and that he was satisfied with counsel's representation. Movant cannot now rely on his illiteracy as a basis for relief. Throughout the course of the plea agreement and sentencing, movant's illiteracy was acknowledged. Movant advised the Court that he understood the terms of the Plea Agreement and the Sentencing Guidelines. He further advised that it was his desire to plead guilty and that noone was forcing him to do so. Movant's claims of

ineffective assistance of counsel are thoroughly refuted by the record.

Movant also claims that his lawyer failed to appeal and that he was under the impression that his lawyer would appeal. Initially, there is no evidence before the Court that movant requested an appeal, but more importantly, the record establishes that movant agreed to waive his right to appeal in exchange for the concessions of the government in the plea agreement. This waiver was set forth in the plea agreement and was discussed at the plea hearing and at sentencing. Thus, there is no basis for movant to contend that his lawyer was at fault even if movant had requested an appeal.

**Conclusion**

Based upon the foregoing, none of the grounds upon which movant relies entitles him to relief.

Accordingly,

**IT IS HEREBY ORDERED** that the motion to vacate, correct or set aside sentence, [# 1], is denied.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability as movant has not made a substantial showing of the denial of a federal constitutional right.

Dated this 16th day of March, 2006.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE